**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JONES LANG LASALLE AMERICAS, INC.,** | ) | **COMPLAINT** |
| **Defendant.** | ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lindsay Wenndt ("Wenndt"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Jones Lang LaSalle Americas, Inc. ("Defendant") discriminated against Wenndt when it rescinded its offer of employment to Wenndt because of her disability and in retaliation for requesting a reasonable accommodation for her disability in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 503(c) of the ADA, 42 U.S.C. § 12203(c).

4. At all relevant times, Defendant has been a Maryland corporation doing business in the State of Georgia and the City of Atlanta, and has

continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Wenndt filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On July 11, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 30, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been

fulfilled.

## STATEMENT OF CLAIMS

11. Since at least March 2016, Defendant has engaged in unlawful employment practices at or near its Atlanta, Georgia office location, in violation of Section 102 of the ADA, 42 U.S.C. §§12112(a) and (b) and Section 503 of the ADA, 42 U.S.C. § 12203.

12. Wenndt is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Wenndt has a mental impairment, Post Traumatic Stress Disorder ("PTSD"), that substantially limits her in the operation of major bodily functions, including functions of the neurological system.

13. Defendant regarded Wenndt as having a disability when it rescinded its offer of employment because of an actual or perceived impairment.

14. In or around November 2015, Wenndt began participating in a one-year-long voluntary medical research study related to her PTSD. The study required participants to visit a clinic on a weekly basis to receive medication, a physical exam, and sometimes a psychiatric examination.

15. On or about November 13, 2015, Wenndt applied for a Development and Asset Strategy Production Support Analyst position with Defendant's Development and Asset Strategy group through an online job posting.

16. On or about December 17, 2015, Wenndt began the interview process with Defendant for the position. During the first interview, Wenndt asked if forty hours of work per week must be completed in the physical office location or if there is flexibility to work remotely at times. All five of the interviewers, including Defendant's Executive Vice President, answered that there was flexibility if the work got done and referenced two of Defendant's current employees who worked remotely as examples.

17. On or about February 22, 2016, Wenndt continued the interview process and had an informal meeting with some of Defendant's management employees. Wenndt asked again whether flexible work arrangements were available. The employees stated that work arrangements were flexible if the work got done.

18. In late February or early March 2016, Wenndt had a final lunch meeting with one of Defendant's Vice-Presidents. The Vice-President also told Wenndt that Defendant was very accommodating to employees who wished to work remotely and stated that she worked remotely several days per week.

19. On or about March 16, 2016, Defendant's Executive Vice-President verbally extended an offer of employment to Wenndt and she accepted. The next day, Wenndt received a formal offer letter from Defendant to work at Defendant's office located on Peachtree Road in Atlanta, Georgia. Wenndt signed and returned the offer letter to Defendant the next day.

20. On or about March 30, 2016, Defendant's Human Resources Manager called Wenndt to see if she had any questions regarding her new position. During this conversation, Wenndt disclosed that she suffers from PTSD and informed the manager that she was participating in a voluntary medical research study. Wenndt asked whether Defendant could accommodate her by allowing her to work remotely one day per week because it was easier to get to the study location from her home than from Defendant's office.

21. The Human Resources Manager asked Wenndt whether the study was voluntary, and Wenndt confirmed that it was. She told Wenndt that she would speak to management to see what accommodations could be made.

22. On or about April 4, 2016, less than one week after the phone call with Human Resources, Defendant's Senior Recruiter called Wenndt and informed her that Defendant was rescinding its employment offer because the position required working in the office on a daily basis for at least forty hours per week.

23. Wenndt told the recruiter that it was not necessary for her to work from home and that she would withdraw from the voluntary study and work in the office forty hours per week as required. She asked Defendant to reconsider its decision.

24. After the phone call, Wenndt emailed the recruiter, indicating that she was withdrawing her request for an accommodation and that she could perform that job as posted without any accommodation. Wenndt again asked Defendant to keep the job offer open.

25. In response to Wenndt's email, the recruiter replied that the decision to rescind the offer still stood.

26. Later that same day, Wenndt called the recruiter again and expressed that she felt the Defendant's rescission of its job offer to her was borderline illegal. However, the recruiter merely responded that the decision was final.

27. At the time of her termination, Wenndt was capable of performing the essential functions of the position despite her impairment.

28. On or about March 30, 2016, Wenndt sought a reasonable accommodation to receive treatment for her medical impairment. Less than one week later, Defendant rescinded its offer of employment to Wenndt.

29. The effect of the practices complained of above has been to deprive Wenndt of equal employment opportunities and otherwise adversely affect her status as an applicant for employment or as an employee because of her actual or perceived disability.

30. The effect of the practices complained of above has been to deprive Wenndt of equal employment opportunities and otherwise adversely affect her status as an applicant for employment or as an employee because she exercised her rights under the ADA by requesting an accommodation for her disability.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wenndt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to hire any employee based on an actual or perceived disability

and/or engaging in any other unlawful employment practice that discriminates against applicants for employment who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Wenndt whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement.

D. Order Defendant to make Wenndt whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Wenndt whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Wenndt punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE LETMAN SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/ Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

U.S. Equal Employment Opportunity
Commission

Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6897 (direct)
(912) 562-6905 (facsimile)